## SETTLEMENT AGREEMENT AND GENERAL RELEASE

MARGARET WHARTON BLANCHARD, on behalf of herself, her heirs, executors, administrators, attorneys, and assigns (collectively "Plaintiff" or "Releasee") and RUKMIN S. PERSAUD and SHAN PHARMACY INC. d/b/a SUMNER AVENUE PHARMACY; on their own behalf and on behalf of their parents, subsidiaries, affiliates and successors, and each of their respective present and former directors, officers, partners, employees, representatives, agents, attorneys, owners, insurers, administrators and attorneys (collectively, "Defendants" or "Defendants' Releasees"), hereby agree upon this Settlement Agreement and General Release ("Agreement") as a resolution of all issues involved herein as follows:

1. **No Admission of Liability.** The parties hereto recognize and agree that Defendants, do not admit, and expressly deny, any violation of law or any liability to Plaintiff or to anyone else as a result of or growing out of the matters set forth in the Complaint for the matter No. 16 CV 811 (WFK) (PK), filed in the United States District Court for the Eastern District of New York (the "Pending Action"), or which could have been raised in such suit, or which otherwise involve Plaintiff's employment relationship with Defendants and the separation or termination of that employment relationship. Neither this Agreement, nor its terms, will be admissible in any proceeding other than in a proceeding for breach of the terms of this Agreement as set forth herein.

2. **Dismissal of Pending Action.** For and in consideration of the promises outlined in section 3 and elsewhere in this Agreement, the sufficiency of which Plaintiff acknowledges, Plaintiff agrees: (1) to dismiss with prejudice, or cause to be dismissed with prejudice, the Pending Action if not already done so by the Court; and (2) not to re-file these causes of action, or any other causes of action against Defendants arising from employment-related or other matters that were encompassed or could have been encompassed or raised in the Pending Action~~, and (3) not to institute any action against any Defendants in any court or other forum based on the allegations of discrimination or retaliation based on facts existing prior to the date of this Agreement~~. For avoidance of doubt, nothing in this Agreement shall preclude Plaintiff from filing a charge with, or cooperating in an investigation conducted by, any federal, state or local fair employment practice agency; but Plaintiff releases, and shall be precluded from recovering, any money damages in connection with any administrative action.

3. **Consideration.** Defendant agrees to pay Plaintiff and her attorneys the total sum of Nineteen Thousand Dollars ($19,000.00) as set forth and allocated in section 5 below (hereinafter the "Settlement Payment"), and other good and valuable consideration as described below. Further, Plaintiff agrees that she has no entitlement to any wages, compensation, bonuses, commissions, gratuities, payouts, severance pay, vacation pay, or other benefits, damages, attorneys' fees or costs from Defendants, except as specifically provided in this Agreement.

4. **Releases.**

    A. In consideration of the parties' undertakings contained in this Agreement Defendants release the Plaintiff from, or in respect of, any and all claims, charges, complaints, liabilities, obligations, promises, agreements, damages, actions and expenses

1

(including attorney's fees and costs) of any nature whatsoever, known or unknown, which either now has or claims to have against the Plaintiff, from the beginning of time to the date of this Agreement, including, without limitation, claims relating to Plaintiff's employment or the termination of Plaintiff's employment; claims based in contract, tort, constitutional, statutory or common law, and claims under any federal, state, or local statute, order, law or regulation, governing terms or conditions of employment, including but not limited to wages, benefits or discrimination in employment on the basis of any protected characteristic under the New York State Human Rights Law, New York City Human Rights Law, Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), the Civil Rights Act of 1991, the Americans With Disabilities Act ("ADA"), the Age Discrimination in Employment Act ("ADEA"), Genetic Information Nondiscrimination Act of 2008 ("GINA"), Uniformed Services Employment and Reemployment Rights Act ("USERRA"), the Employee Retirement Income Security Act ("ERISA") (excluding any claims for accrued, vested benefits), COBRA, the Family and Medical Leave Act, the Fair Labor Standards Act, New York State Labor Law, New York City Labor Law, including claims for wrongful discharge, breach of express or implied contract, breach of an implied covenant of good faith and fair dealing, violation of public policy, defamation or misrepresentation, or any claim for attorneys' fees, physical or emotional distress or injuries, punitive damages, compensatory damages, or any other duty or obligation of any kind or description whether arising in law or equity, except for claims for payment of the Settlement Payment and to otherwise enforce this Agreement.

  B. Plaintiff acknowledges and agrees that she is the owner of all claims of any kind which are released pursuant to this Agreement (besides the claims released in section 4.A.); that no other person or entity has or claims any interest in any potential claims of any kind which are released in this Agreement; that she has not sold, assigned, transferred, conveyed, or otherwise disposed to any other person or entity any claims of any kind which are released pursuant to this Agreement; and that she has not authorized any other person or entity to assert on her behalf any claims of any kind which are released pursuant to this Agreement.

  C. The payments described below in Section 5 shall be in settlement of and discharge any obligations of Defendants for compensation, attorneys' fees, costs, injunctive or other remedial relief, liquidated damages, punitive damages, or any other expectation of remuneration or benefit on the part of the Plaintiff against any of the Defendants, including any and all representatives, heirs, administrators, executors, beneficiaries, agents, attorneys, and assigns. Plaintiff hereby releases Defendants from any and all liability, actions, claims, damages, expenses or costs of whatever nature, including attorneys' fees and costs, related to or arising out of any applicable federal, state, or local wage and hour law (collectively, the "Settled Claims"). This release includes, but is not limited to, claims under the New York Labor Law, and claims relating to, or arising under, any other federal, state, or local statute or regulation that concerns hours worked or the payment of wages, including the Fair Labor Standards Act. This release does not apply to claims for benefits under the New York Workers' Compensation Law.

D. To the fullest extent permitted by law, the parties **PROMISE NOT TO SUE** or bring any charges, complaints or lawsuits related to the claims hereby waived against the other's Releasee in the future, individually or as members of a class. Nothing in this Agreement shall limit or restrict the Plaintiff's rights to challenge the validity of this Agreement in a court of law.

E. This **WAIVER, RELEASE** and **PROMISE NOT TO SUE** is binding on the Parties, their heirs, legal representatives and assigns.

5. **Payment.**

A. The Settlement Payment, totaling $19,000.00 shall be paid as follows:

(i) Within 7 days of the later of (a) Plaintiff's execution and delivery of the Agreement, and (b) court approval of this settlement agreement for fairness, Defendants will pay (a) one check in the amount of Four Thousand Two Hundred Six Dollars and Sixty-Two Cents ($4,206.62) payable to Margaret Wharton Blanchard, representing unpaid wages, less applicable payroll deductions required by law; (b) one check in the amount of Seven Thousand Seven Hundred Dollars and Five Cents ($7,700.05) payable to Margaret Wharton Blanchard, representing liquidated damages; and (e) one check in the amount of Seven Thousand Ninety-Three Dollars and Thirty-Three Cents ($7,093.33) made payable to Law Office of Justin A. Zeller, P.C., representing attorneys' fees and costs.

B. The amounts above, classified as unpaid wages, represent gross amounts.

C. Defendants shall complete as to the Law Office of Justin A. Zeller, P.C., an information return on U.S. Internal Revenue Service form 1099-MISC, in each tax year in which a payment of the Settlement Payment is paid to the Law Office of Justin A. Zeller, P.C. Defendants shall additionally complete as to Plaintiff, an information return on U.S. Internal Revenue Service form 1099 for the payments designated as liquidated damages, in each tax year in which a Settlement Payment is paid, and on U.S. Internal Revenue Service form W-2 for the amounts representing unpaid wages herein.

D. Defendants must deliver all payments of the Settlement Payment to the Law Office of Justin A. Zeller, P.C.

E. Plaintiff assumes full responsibility for her respective portion of any and all federal, state and local taxes or contributions regarding the Settlement Payment which may hereafter be imposed or required to be paid by Plaintiff under any federal or state laws of any kind, with respect to the monies paid by Defendants to Plaintiff pursuant to this Agreement, except that Defendants shall be responsible for any and all applicable employer tax contributions associated with wage payments.

6. **No Re-Employment.** Plaintiff agrees and promises not to seek re-employment with Defendants, or any of its parents, subsidiaries, divisions, or affiliates at any time. Plaintiff further agrees and acknowledges that this Agreement shall constitute good and sufficient cause

on which Defendants may reject any application for re-employment by Plaintiff or on her behalf and that such rejection would not constitute a violation of any law.

7. **Governing Law.** The rights and obligations of the parties hereunder shall be construed and enforced in accordance with, and shall be governed by, the laws of the State of New York, without regard to principles of conflict of laws.

8. **Important Acknowledgments.** It is further understood and agreed that the sum of Nineteen Thousand Dollars and Zero Cents ($19,000.00) and the other good and valuable consideration provided for herein, are not a mere recital but are the consideration for this Agreement and all terms herein, and the full and final release effected thereby.

9. **Venue.** The parties hereto acknowledge that any dispute over the terms of this Agreement shall be adjudicated by a court of competent jurisdiction in the County of New York, State of New York and the parties consent to such jurisdiction and agree that venue only in the County of New York, State of New York would be proper and hereby waive any challenge thereto based on lack of personal jurisdiction or inconvenient forum.

10. **No Other Representations or Agreements.** Each party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the parties hereto. There is no other agreement or understanding, written or oral, expressed or implied, among the parties hereto concerning the subject matter hereof, except the agreements set forth in this Agreement. This Agreement constitutes and contains the entire agreement among the parties, and supersede and replace all prior negotiations and all agreements, proposed or otherwise, written or oral, concerning the subject matter hereof. This is an integrated document.

11. **No Modification except In Writing.** This Agreement cannot be modified or changed except by a writing, signed by the parties, with specific reference to this Agreement.

12. **Prevailing Party Fees.** In the event of any litigation to enforce or regarding a breach of the terms of this Agreement, the prevailing party shall be entitled to receive from the other reasonable attorneys' fees and costs up through and including the appellate process.

13. **No Filing or Assignment of Other Claims** Plaintiff represents and warrants that she does not have any other pending complaints, charges, lawsuits, or other legal actions with any court or government agency relating to any claims being released under Paragraph 4. Plaintiff also further represents and warrants that she has not heretofore assigned or transferred, and will not subsequently assign or transfer, to any person not a party to this Agreement, the claims being released under Paragraph 4 or any part or portion thereof.

14. **Execution in Counterpart and by fax or PDF format.** This Agreement may be executed in counterpart by each party and each executed Agreement, when taken together, shall constitute a complete Agreement. A facsimile or pdf version of this Agreement originally executed shall be accepted and enforceable as if it was an original.

15. Plaintiff understands, represents and agrees that Plaintiff:

   A. Has carefully read and fully understands all of the provisions of this Agreement;

   B. Is, through this Agreement, releasing Defendants from any and all claims [—wage and hour] that Plaintiff may have against them relating to Plaintiff's employment with Defendants, or Plaintiff's separation from employment with Defendants;

   C. Knowingly and voluntarily agree to all of the terms set forth in this Agreement;

   D. If any provision of this Agreement is held by a court of competent jurisdiction to be illegal or unenforceable, such provision shall be severed from this Agreement and have no force and effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the enforceability of, any other provision of this Agreement.

   E. Knowingly and voluntarily intends to be legally bound by this Agreement;

   F. Was advised to consider the terms of this Agreement with counsel, and have consulted with counsel prior to executing this Agreement; and

   G. Is duly authorized and has full authority to execute this Agreement.

*[signature]*

Margaret Wharton Blanchard

Dated: 5/3/17

Shan Pharmacy Inc. d/b/a Sumner Avenue Pharmacy

By: *[signature]*
Rukmin S. Persaud

Dated:

*[signature]*
Rukmin S. Persaud

5